SIGNED THIS: May 29, 2014

_____
**Gerald D. Fines**
**United States Bankruptcy Judge**
_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: | ) |
| | ) |
| JAMEY TYLER HIMES and | ) Bankruptcy Case No. 14-90178 |
| HOLLI JO HIMES, | ) |
| | ) |
| Debtors. | ) |

OPINION

This matter having come before the Court on a Motion for Sanctions filed by the Debtors; the Court, having heard sworn testimony and arguments of the parties, and being fully advised in the premises, makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

Findings of Fact

The material facts in this matter are not in dispute and are, in pertinent part, as follows:

1.  This Court has jurisdiction over this proceeding pursuant to the provisions of 28 U.S.C. § 157 and 28 U.S.C. § 1334.

2. This motion is a civil action based upon 11 U.S.C. § 362 and further constitutes a "core proceeding" within the meaning and as defined by 28 U.S.C. § 157. As provided pursuant to Bankruptcy Rule 9001, this proceeding is a contested matter. Accordingly, the litigation defined by this motion is properly governed by the Bankruptcy Rules encompassed in part IX of the Rules of Bankruptcy Procedure.

3, Debtors filed for bankruptcy protection under Chapter 13 in the Central District of Illinois, on February 26, 2014.

4. Debtors listed Dennis Fathauer as an unsecured creditor.

5. Creditor, Dennis Fathauer, received a notice of bankruptcy.

6. The notice of bankruptcy states:

Creditors May Not Take Certain Actions. The filing of the bankruptcy case automatically stays certain collection and other actions against the debtor's property. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized.

7. On or about April 23, 2014, at approximately 10:00 p.m., Creditor, Dennis Fathauer, placed a SMS text message from 217-259-3939 to the cellular telephone of Debtor, Holli Jo Himes, 217-549-4472.

8. The partially redacted message stated:

Boy the apple doesn't fall very far from the tree does it. You are such a lying piece of ****. Nobody at that table believed a word you said today. You should have had your lying piece of *** mother coach you before you went to court. She's a much better liar, or I should say perjurer than you are, but she had more practice also. They are not done with you. Marsha is watching both of you closely.

Conclusions of Law

This matter is governed by 11 U.S.C. § 362(k)(1), which states:

(k)  (1)  Except as provided in paragraph (2), an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

A violation is willful when a creditor acts intentionally with knowledge of the automatic stay or, more generally, the bankruptcy filing. In re Betts, 165 B.R. 233 (Bankr. N.D. Ill. 1994);

Mercer v. D.E.F., Inc., 48 B.R. 562 (Bankr. D. Minn. 1985). Knowledge of the bankruptcy filing is the legal equivalent of knowledge of the automatic stay. In re Wagner, 74 B.R. 898, at 904 (Bankr. E.D. Pa. 1987). A specific intent to violate the stay is not required; it is sufficient that the creditor knows of the bankruptcy and engages in conduct that is a violation of the stay. In re Littke, 105 B.R. 905, at 910 (Bankr. N.D. Ind. 1989). However, a Court will not impose sanctions under § 362(k) (formerly § 362(h)) when there has been a mere technical violation of the stay or where it can be found that the creditor has acted in good faith. In re Zunich, 88 B.R. 721 (Bankr. W.D. Pa. 1988). A willful violation of the stay does not require a specific intent to violate the stay, rather the Bankruptcy Code provides for damages upon a finding that the creditor has notice of the stay and the creditor's actions were intentional in and of themselves. In re Welch, 296 B.R. 170 (Bankr. C.D. Ill. 2003).

In considering the sworn testimony in this case, the Court finds that all of the witnesses were credible. The undisputed facts reveal that, while Creditor, Dennis Fathauer, did make contact with Debtor, Holli Jo Himes, there was no real attempt to collect his debt. Name calling, in and of itself, does not constitute debt collection as is required for a willful stay violation under 11 U.S.C. § 362(k). The Court further notes that the Debtors have shown no actual damages in support of their motion.

In conclusion, the Court finds that Creditor, Dennis Fathauer, should be admonished to cease all contact with the Debtors in regard to the debt at issue; however, no sanctions will be awarded at this time.

###